IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NUEFUEL TX, LLC, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 3:23-cv-01206 |

## COMPLAINT

Plaintiff Union Pacific Railroad Company ("Union Pacific"), for its causes of action against Defendant NueFuel TX, LLC ("Defendant"), states and alleges as follows:

## PARTIES

1. Union Pacific is a Delaware corporation with its principal place of business located at 1400 Douglas Street, Omaha, Nebraska 68179.

2. Defendant is a Texas limited liability corporation with its principal place of business located at 2919 Commerce Street #304, Dallas, Texas 75226. Defendant may be served by delivering process to its registered agent: Robert C. Arrowood, 2919 Commerce Street #304, Dallas, Texas 75226.

## JURISDICTION AND VENUE

3. Union Pacific incorporates Paragraphs 1 and 2 as if repeated here.

4. This Court obtains jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity and the matter in controversy exceeds the value of $75,000.00, exclusive of interests and cost.

5. Venue of this action is proper pursuant to 28 U.S.C § 1391(b)(1) and (2) as the Defendant maintains its principal office in this District and a substantial part of the events giving rise to this action are subject to this judicial district.

## COUNT I – BREACH OF CONTRACT

6. Union Pacific incorporates Paragraphs 1 through 5 as if repeated here.

7. At all times relevant, Union Pacific was a rail carrier subject to the jurisdiction of the Surface Transportation Board ("STB") and engaged in interstate commerce, and a rail carrier providing transportation or services subject to the jurisdiction of the STB shall establish reasonable rates for such services and rules and practices related to such services, 49 U.S.C § 10702.

8. Between September 2021 and December 2022, Defendant contracted with Union Pacific to provide freight transportation services pursuant to the public rate documents and confidential private contract (collectively, "Contracts") listed in the Price Authority column on **Exhibit A**.

9. Union Pacific has provided the services, presented Defendant with freight invoices for each shipment, and requested payment in accordance with the terms and conditions set forth in the Contracts.

10. As of the date of filing, the total amount due and owing from Defendant for outstanding freight charges is $690,711.15. **Exhibit A**.

11. Defendant is in material breach of the agreements by failing and refusing to pay the amounts due and owing per the Contracts.

WHEREFORE, Union Pacific prays the Court enter judgment against Defendant in the amount of **$690,711.15**, plus interest, costs of suit, additional outstanding freight charges that may accrue after filing, and any other such relief as the Court deems just and proper.

## COUNT II – ACTION ON ACCOUNT

12. Union Pacific incorporates Paragraphs 1 through 11 as if repeated here.

13. Union Pacific provided freight services to Defendant on an open account.

14. Defendant accepted the freight services and became bound to pay Union Pacific the charges incurred, which were usual, customary, and reasonable for such services.

15. Union Pacific kept a systematic record of Defendant's charges on the account for these services which total $690,711.15 and attaches the account of the charges incurred as **Exhibit A**.

16. The account represents the record of these services provided by Union Pacific to Defendant and is kept in the ordinary course of Union Pacific's business.

WHEREFORE, Union Pacific prays the Court enter judgment against Defendant in the amount of **$690,711.15**, plus interest, costs of suit, additional outstanding freight charges that may accrue after filing, and any other such relief as the Court deems just and proper.

## COUNT III – QUANTUM MERUIT

17. Union Pacific incorporates Paragraphs 1 through 16 as if repeated here.

18. Between September 2021 and December 2022, at the request of Defendant, Union Pacific provided freight transportation services.

19. Those services had reasonable values as set forth in applicable public rate documents or confidential private contracts.

20. Defendant has received the benefit of those services and has failed and refused to pay the reasonable and agreed upon value for the services rendered.  **Exhibit A**.

WHEREFORE, Union Pacific prays the Court enter a total judgment for all of its claims against Defendant in the amount of **$690,711.15**, plus interest, costs of suit, additional outstanding freight charges that may accrue after filing, and any other such relief as the Court deems just and proper.

Respectfully Submitted,

/s/ *Kenneth Hopkins*
John W. Proctor
State Bar No. 16347300
jproctor@brownproctor.com
Kenneth Hopkins
State Bar No. 24120902
khopkins@brownproctor.com
BROWN, PROCTOR, & HOWELL, LLP
830 Taylor Street
Ft. Worth, Texas 76102
817-332-1391 Telephone
817-870-2427 Facsimile

**ATTORNEY FOR PLAINTIFF**
**UNION PACIFIC**
**RAILROAD COMPANY**