IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNION PACIFIC RAILROAD COMPANY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-1206-L** |
| **NUEFUEL TX LLC,** | § § § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

For the reasons that follow, the court *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction.

On May 14, 2024, the court entered an Order and Notice of Jurisdictional Deficiency (the "Notice") (Doc. 10) in which it directed Plaintiff Union Pacific Railroad Company ("Plaintiff") to file an amended complaint by May 28, 2024 that cured the jurisdictional deficiency identified, specifically the citizenship of Defendant Nuefuel Texas, LLC ("Defendant"). The court explained that the citizenship of a limited liability company "is determined by the citizenship of all of its members." Doc. 11 at 2 (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted)). Further, the court outlined what Plaintiff specifically needed to allege to establish the citizenship of a natural person, corporation, partnership or unincorporated association, trustee, and national bank. *Id.*

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet*

*Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Thus, while citizenship is synonymous with domicile, it is not synonymous with residency because individuals can have more than one residence. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'") (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Further, the party seeking to establish jurisdiction based on diversity "must offer more than conclusory statements" to establish citizenship. *Preston*, 485 F.3d at 803.

In *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251, (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted). Additionally, "[a] litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.*

Plaintiff filed its Second Amended Complaint (Doc. 13) by the date ordered; however, the allegations regarding the citizenship of Defendant is still insufficient for the court to determine whether it has subject matter jurisdiction over this action based on diversity of citizenship. As instructed by the court, Plaintiff identified each of Defendant's members. Doc. 13 at 1-2 ("There are two members of [Defendant]: Nuefuel LLC and Frank David Hix.") Instead of alleging facts from which the court can ascertain the citizenship of the two persons identified, Plaintiff merely

alleges that the members are residents of Las Vegas and Alabama. *Id.* ("Nuefuel LLC … has one member of record, Janet Soldan who resides at 2417 Laurie Drive, Las Vegas, NV, 89102. Frank David Hix … is listed as residing at 72 Riverbend Circle Talladega AL, 35160."). Plaintiff also did not address any of the factors listed in *Coury*. Plaintiff has, therefore, failed to satisfy its burden of establishing the existence of subject matter jurisdiction based on complete diversity of citizenship between it and Defendant, despite being given the opportunity to cure this jurisdictional deficiency. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.") (footnote and citation omitted).

As explained in the Notice, the court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that it has subject matter jurisdiction to entertain an action rest with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (citations omitted). The court also explained that the failure of Plaintiff to allege affirmatively and adequately the basis of diversity would mandate dismissal of this action because jurisdiction cannot be implied. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citation omitted). Despite being given an opportunity to do so, Plaintiff has failed to affirmatively and adequately state the basis of diversity as required to cure the jurisdictional deficiencies previously identified by the court. The court, therefore, *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**It is so ordered** this 11th day of June, 2024.

Sam A. Lindsay
United States District Judge